UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KYLER NORTHRUP,

Plaintiff,

v.                                                    CAUSE NO. 3:21-CV-458-RLM-MGG

WARDEN, et al.,

Defendants.

OPINION AND ORDER

Kyler Northrup, a prisoner without a lawyer, is proceeding in this case on three claims. First, he is proceeding "against Iva Nerada, Josh Kuiper, Brandon Siminski, Nurse Deal (first name unknown), Dr. James Jackson, and Dr. Andrew Liaw in their personal capacities for monetary damages for failing to provide him adequate medical care for his shoulder in violation of the Eighth Amendment[.]" ECF 7 at 12. Second, he is proceeding "against Warden John Galipeau in his official capacity for injunctive relief related to his ongoing need for constitutionally adequate medical care for his shoulder[.]" *Id.* Third, he is proceeding "against Wexford of Indiana, LLC, and its parent company Wexford [Health] Sources, Inc., for maintaining an official policy or custom of failing to adequately train and monitor medical staff and inmate workers in the Westville infirmary to ensure that they remain within 'the sight and sound of every inmate patient' resulting in the plaintiff falling and injuring himself in November and December 2020[.]" *Id.* Specifically, Mr. Northrup alleged in his complaint he suffered a seizure, fell, and

broke his right shoulder on November 29, 2020, and suffered another seizure on December 11, 2020. *Id.* at 1-3.

Every defendant except for Warden Galipeau filed a joint motion for summary judgment, arguing Mr. Northrup didn't exhaust his administrative remedies before filing suit. Warden Galipeau filed a separate motion for summary judgment, also arguing Mr. Northrup did not exhaust his administrative remedies before filing suit. With the motions, the defendants provided Mr. Northrup the notice required by N.D. Ind. L.R. 56-1(f). Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1.

"A party opposing [a summary judgment] motion must, within 28 days after the movant serves the motion, file and serve (A) a response brief; and (B) any materials that the party contends raise a genuine dispute."[1] Local Rule 56-1(b)(1). The court extended Mr. Northrup's deadline to respond, but the extended deadline passed more than four months ago, and Mr. Northrup hasn't responded to either summary judgment motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light

---

[1] Local Rule 56-1 was amended on February 25, 2022. Because the defendants' summary judgment motions were filed before that The earlier version of Local Rule 56-1 applies.

most favorable to the non-moving party and draw all reasonable inferences in that party's favor. Heft v. Moore, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." Goodman v. Nat'l Sec. Agency, Inc., 621 F.3d 651, 654 (7th Cir. 2010).

The court may rule summarily under Local Rule 7-1(d)(5) if a party doesn't timely respond to a motion. Nevertheless, "[s]trict enforcement of [local rules] does not mean that a party's failure to submit a timely filing automatically results in summary judgment for the opposing party." Wienco, Inc. v. Katahn Assoc., Inc., 965 F.2d 565, 568 (7th Cir. 1992). Rather, that failure "causes all factual assertions alleged by the opposing party to be deemed admitted." *Id.; see also* Marcure v. Lynn, 992 F.3d 625, 631 (7th Cir. 2021) ("Rule 56 imposes an affirmative obligation on a movant that we cannot ignore merely because a nonmovant provides no responsive arguments.").

Prisoners can't bring an action about prison conditions in federal court "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." Perez v. Wisconsin Dep't of Corr., 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." King v. McCarty,

781 F.3d 889, 893 (7th Cir. 2015). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002).

The defendants provide Mr. Northrup's grievance records, which demonstrate the following:[2] Mr. Northrup tried to submit three grievances potentially relevant to his claims in this lawsuit. First, on July 21, 2020, Mr. Northrup submitted Grievance Number 116061, complaining he needed to see a specialist for symptoms related to a traumatic brain injury ("Grievance 116061"). ECF 49-4 at 6. The grievance office denied Grievance 116061 on the merits, and Mr. Northrup didn't appeal that denial. *Id.* at 1; ECF 49-3. Second, on July 21, 2020, Mr. Northrup tried to submit a grievance complaining he was mishandled by staff after having a seizure on February 26, 2020 ("July 21 grievance"). ECF 49-5 at 2. The grievance office rejected the July 21 grievance as untimely because it was submitted more than ten business days after February 26. *Id.* at 1. Third, on January 5, 2021, Mr. Northrup tried to submit a grievance complaining he had a seizure on December 11, 2020, and correctional officers hadn't treated the situation as a medical emergency ("January 5 grievance"). ECF 49-6 at 2. The grievance office rejected the January 5 grievance as untimely because it was submitted more than ten business days after December 11. *Id.* at 1.

The undisputed evidence shows that Mr. Northrup didn't exhaust his administrative remedies because he didn't fully exhaust any of his three relevant

---

[2] Because Mr. Northrup hasn't responded to the defendants' summary judgment motions, the court accepts the contents of his grievance records as undisputed. *See* Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion").

grievances. First, Mr. Northrup didn't exhaust Grievance 116061 because it is undisputed he didn't appeal the grievance office's denial of that grievance. *See* ECF 49-2 at 3 (the Offender Grievance Process requires offenders to complete three steps before filing a lawsuit: (1) a formal attempt at resolution; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager). Second, Mr. Northrup didn't exhaust his July 21 and January 5 grievances because the grievance office properly rejected these grievances as untimely, as Mr. Northrup submitted both grievances more than ten business days after the incidents complained of. *See* ECF 49-2 at 9 (an offender must submit a formal grievance "no later than ten (10) business days from the date of the incident giving rise to the complaint").[3] Mr. Northrup doesn't point to any evidence that he submitted any other relevant grievance or the grievance process was unavailable to him.

Because the defendants have provided undisputed evidence Mr. Northrup didn't exhaust any relevant grievance, they have met their burden to show Mr. Northrup didn't exhaust his administrative remedies before filing this lawsuit. Summary judgment is warranted in their favor.

For these reasons, the court:

(1) GRANTS the defendants' summary judgment motions (ECF 37, ECF 49); and

(2) DIRECTS the clerk to enter judgment in favor of the defendants and against Kyler Northrup pursuant to 42 USC § 1997e(a) and to close this case.

---

[3] Neither of these grievances complained of an ongoing injury to Mr. Northrup, but instead complained of specific incidents occurring on a specific date.

SO ORDERED on May 12, 2022

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT